# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

IN RE:

CARLOS A OROZCO and
JENNY SUAREZ,

                         Debtor./

CASE NO.: 17-24638-RAM

Chapter 7

## TRUSTEE'S MOTION TO APPROVE
## STIPULATION FOR COMPROMISE AND SETTLEMENT

> Any interested party who fails to file and serve a written response to this motion within **21 days** after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.

Ross R. Hartog, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of **Carlos A Orozco and Jenny Suarez** (collectively, the "Debtor"), moves (the "Motion"), pursuant to Federal Bankruptcy Rule 9019, and Local Rules 9013-1(D), to approve the Stipulation for Compromise and Settlement (the "Stipulation") entered into by and between the Trustee and the Debtor. In support of the Motion, the Trustee states as follows:

### Background and Jurisdiction

1.      On December 7, 2017 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Ross R. Hartog was appointed as Chapter 7 Trustee.

2.      The Trustee has evaluated the Debtor's schedules and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate. The details of the

analysis and agreement are set forth in the Stipulation, attached hereto as Exhibit "A".

3.      The Stipulation provides for the (i) repurchase of the Debtor's interest in the 2006 Ford F350; (ii) surrender of the 2008 Dodge RAM to be sold at auction, together with the waiver of any exemptions and (iii) surrender to the Estate of 93% of the Debtor's 2017 tax refund, exclusive of any earned income credit (the "Settlement").

4.      The Stipulation contains additional terms and conditions, including, but not limited to, default provisions and an allocation of the settlement proceeds.

### Legal Standard for Settlement

5.      Bankruptcy Rule 9019 (a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

6.      As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F. 2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

7.      The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Roddman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S.

---

[1] *Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia,* relief without a hearing for motions to approve settlement.

822 (1983)).

8.      According to the Unites States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)     the probability of success in litigation;
(b)     the difficulties, if any, to be encountered in the matter of collection
(c)     the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(d)     the paramount interest of the creditors and a proper defense to their reasonable views in the premises.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

9.      Specifically, the proposed settlement resolves the dispute between the Trustee and the Debtor concerning the Debtors' claimed exemptions and the values of the underlying assets, which in this case include the 2006 Ford F350, 2008 Dodge RAM, and the 2017 Tax Refund. The settlement allows the parties to avoid the time and expense associated with litigating these issues, which would necessarily involve the retention and payment of valuation experts, the time and expense associated with contested evidentiary hearings, and to the extent that the Trustee was successful, the costs associated with the retention of an auctioneer and the sale of assets. This settlement significantly reduces those costs and risks by providing for the (i) repurchase of the Debtor's interest in the 2006 Ford F350; (ii) surrender of the 2008 Dodge RAM to be sold at auction, together with the waiver of any exemptions and (iii) surrender to the Estate of 93% of the Debtor's 2017 tax refund, exclusive of any earned income credit.

10.     Therefore, the Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it

is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11.    Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B".

**WHEREFORE,** Ross R. Hartog, as Chapter 7 Trustee, respectfully requests this Court enter an Order (1) granting the Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed via U.S. regular mail (*or via e-mail through the Court's BNC) on ___March 8, 2018_____, to all interested parties on the attached service list.

/s/ Ross R. Hartog
Ross R. Hartog, Trustee
101 NE Third Avenue, Suite 1210
Fort Lauderdale, FL 33301
Tel: (305) 670-5000
EM: trustee@mrthlaw.com

# Exhibit "A"

## STIPULATION FOR COMPROMISE AND SETTLEMENT

**ROSS R. HARTOG, as Chapter 7 Trustee** (the "Trustee") and **Carlos A Orozco and Jenny Suarez** (collectively, defined herein as the "Debtor"), enter into this Stipulation for Compromise and Settlement (the "Stipulation").

A.    On or about December 7, 2017, the Debtor filed for protection under chapter 7 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), which case is captioned as *In re Carlos A Orozco and Jenny Suarez* (USBC Case No.: 17-24638-RAM) (the "Bankruptcy").

B.    Ross R. Hartog was appointed as Chapter 7 Trustee.

C.    In their schedules the Debtor listed a 2006 Ford F350 and a 2008 Dodge RAM. Additionally, the Debtor is entitled to a 2017 Tax Refund, in which the Estate is entitled to 93% of same.

D.    The Trustee asserts that the Property is non-exempt and therefore property of the Estate and subject to administration by the Trustee.

E.    The Debtor disputes certain aspects of the Trustee's exemption and value analysis.

F.    The Trustee and the Debtor agree to resolve the dispute as detailed below.

### The Settlement

1.    The Parties acknowledge and agree that this Stipulation is subject to the approval of the Bankruptcy Court and, therefore, will not be binding until such approval has been granted (the "Approval").

2.    The Trustee and the Debtor agree to compromise as follows:

a.    The Debtor agrees to repurchase the Estate's interest in the 2006 Ford F350 for the lump sum payment of $1,499, on or before June 1, 2018.

b.    Upon receipt of the 2017 Tax Refund (the "Refund") from the IRS, the Trustee is authorized to administer 93% of the Refund, exclusive of any earned income credit. Should the Refund go directly to the Debtor, the Debtor shall immediately (within 5 days of receipt), forward to the Trustee the Estate's portion of the Refund.

c.    The Debtor will surrender to the Trustee the 2008 Dodge RAM to be sold at auction.   The Debtor will deliver the 2008 Dodge RAM to the Trustee's Auctioneer[1], DMS, Inc., at 4701 S.W. 51st Street, Davie, Florida 33314 by no later than February 28, 2018.

---

[1] An application to employ the Auctioneer will be filed upon the Debtor's delivery of the Vehicle to DMS, Inc.

All payments shall be made by way of a money order or cashier's check, made payable to "Ross Hartog, Trustee, for the Estate of **Carlos A Orozco and Jenny Suarez, Case No.: 17-24638-RAM**" and shall be delivered/mailed/over-nighted to: **Ross Hartog, Trustee, 101 NE Third Avenue, Suite 1210, Fort Lauderdale, FL 33301**. To the extent that the repurchase is considered a sale of assets to the Debtor, the Debtor agrees and acknowledges that the sale of the Estate's right, title, and interest in and to the assets is being made "as-is, where-is," with no representations or warranties of any type being given by the Trustee or his professional, and is further being made subject to all liens, claims, encumbrances, and interests, whether known or unknown.

3.     The Debtor agrees that all relevant exemption and discharge deadlines shall be extended until a date that is thirty (30) days after an order is entered approving or denying this Stipulation.

4.     The Debtor represents and warrants that: (a) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct; (b) the Pleadings contain no material misrepresentations or omissions; (c) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct; and (d) the Documents contain no material misrepresentations or omissions. To the extent that the Debtor failed or has failed to disclose any assets, or if the Trustee identifies other non-exempt assets that are not the subject of this Stipulation, this Stipulation shall not effect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

5.     The Debtor shall be in default (a "Default") under the Stipulation if, among other things: (a) the Debtor fails to meet the obligations due under the Stipulation; (b) the Debtor fails to pay the Settlement Amount or any of the related installment payments; (c) the Debtor fails to maintain adequate insurance on vehicles or other assets being repurchased, if any; (d) the Debtor fails to submit post-petition tax returns to the Trustee, if required, (e) the Debtor fails to turnover any post-petition tax refunds to the Trustee, if required, and (f) the Debtor's representations and warranties contained herein prove to be untrue. The Trustee may, but is not required to, provide notice of a Default to the Debtor.

a.     In the event of a Default, the Trustee may: (i) file a motion seeking entry of a judgment against the Debtor for any amounts due and owing under the Stipulation plus reasonable interest, costs, and attorney's fees (the "Judgment"); (ii) file a motion seeking revocation of the Debtor's discharge; and (iii) proceed against any and all assets of the Debtor including, but not limited to, any Property the Debtor has claimed as exempt, to satisfy the amounts due under the Stipulation.

b.     In the event of a Default, the Debtor: (i) consents to entry of the Judgment and waives any procedural requirements associated therewith, however, the Judgment will not be entered without a hearing; and (ii) consents to entry of an order revoking the discharge pursuant to 11 U.S.C. §727(a)(10), and waives any procedural associated therewith, however, the Debtor's discharge will not be revoked without a hearing.

6.     This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought.  A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

7.     This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

**SIGNATURE PAGES TO FOLLOW**

Dated _03/02/18_

_(signature)_

Carlos A. Orozco, Debtor
1040 SW 70 Ave, Lot#A128
Miami, FL 33144

Dated _03/02/18_

_(signature)_

Jenny Suarez, Joint Debtor
1040 SW 70 Ave, Lot#A128
Miami, FL 33144

Dated _3/2/18_

_America Alvarez for Ricardo Corona (signature)_

America Alvarez, Esq., Debtor's Counsel
Corona Law Firm
3899 NW 7 St, Second Floor
Miami, FL 33126
Tel: (305) 266-1150
EM: aalvarez@coronapa.com

Dated _2/21/18_

_(signature)_

Ross R. Hartog, Trustee
101 NE Third Avenue, Suite 1210
Fort Lauderdale, FL 33301
Tel: (305) 670-5000
EM: trustee@mrthlaw.com

# Exhibit "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                     CASE NO.: 17-24638-RAM

CARLOS A OROZCO and
JENNY SUAREZ,                                              Chapter 7

                                      Debtor./

PROPOSED
ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
STIPULATION FOR COMPROMISE AND SETTLEMENT

**THIS CAUSE** came before the Court upon Ross R. Hartog, Trustee's Motion to Approve

Stipulation for Compromise and Settlement (the "Motion") [ECF **].  The Trustee by submitting

this form of order represents that the Motion was served on all parties as required by Local Rule

9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed,

or served on the Trustee, a response to the Motion, and that the form of order was attached as an

exhibit to the Motion.  The Court having reviewed the Motion, having noted that no objections

were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re*

*Justice Oaks II, Ltd.,* 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interest of the Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rule 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is

**ORDERED AS FOLLOWS:**

1.     The Motion is **GRANTED**.

2.     The compromise and settlement is approved on the terms and conditions set forth in the Motion and Stipulation attached to the Motion.

3.     Upon receipt of the 2017 Tax Refund, the Trustee is authorized to administer 93% of same, exclusive of any earned income credit.  The Trustee is authorized to return to the Debtors the non-Estate portion of the 2017 Refund.

4.     The Court incorporates the terms of the Stipulation into this Order and retain jurisdiction to enforce the terms thereof.

# # #

Submitted by:

Ross R. Hartog, Trustee
101 NE Third Avenue, Suite 1210
Fort Lauderdale, FL 33301
Tel:     (305) 670-5000
Fax:     (305) 670-5011
EM:     trustee@mrthlaw.com

Trustee HARTOG shall serve a conformed copy of this Order
upon all interested parties and file a Certificate of Service.

Ar Resources Inc
1777 Sentry Pkwy W
Blue Bell, PA 19422-2206

BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Cap1/bstby
Po Box 30253
Salt Lake City, UT 84130-0253

CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Carlos A Orozco
1040 SW 70 Ave, Lot#A128
Miami, FL 33144-4687

Carmax Auto Finance
12800 Tuckahoe Creek Pkw
Richmond, VA 23238-1124

Cavalry Portfolio Serv
500 Summit Lake Drive
Valhalla, NY 10595-2322

Cbna
Po Box 6497
Sioux Falls, SD 57117-6497

Chase Card
Po Box 15298
Wilmington, DE 19850-5298

Comenitybk/victoriasec
Po Box 182789
Columbus, OH 43218-2789

Convergent Outsourcing
800 Sw 39th St
Renton, WA 98057-4975

Dsnb Macys
Po Box 8218
Mason, OH 45040-8218

Eldorado Frn
4200 NW 167 St
Miami, FL 33054-6112

First Premier Bank
3820 N Louise Ave
Sioux Falls, SD 57107-0145

Fortiva/atlanticus
Pob 105555
Atlanta, GA 30348-5555

Frd Motor Cr
Po Box Box 542000
Omaha, NE 68154-8000

Jennifer A Sesta, Esq.
Po Box 290335
Tampa, FL 33687-0335

Jenny Suarez
1040 SW 70 Ave, Lot#A128
Miami, FL 33144-4687

Midland Funding
2365 Northside Dr Ste 30
San Diego, CA 92108-2709

Midland Funding, LLC
Dept 12421
Po Box 603
Oaks, PA 19456-0603

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Omega Rms
7505 W Tiffany Springs Parkway
Kansas City, MO 64153-1313

Portfolio Recov Assoc
120 Corporate Blvd Ste 100
Norfolk, VA 23502-4952

Ricardo Corona Esq.
3899 NW 7 St, Second Floor
Miami, FL 33126-5551

Ross R Hartog
101 NE Third Avenue
Suite 1210
Fort Lauderdale, FL 33301-1147

Santander Consumer Usa
Po Box 961245
Ft Worth, TX 76161-0244

Syncb/brandsmart
C/o Po Box 965036
Orlando, FL 32896-0001

Syncb/brandsmart Platn
C/o Po Box 965036
Orlando, FL 32896-0001

Syncb/jcp
Po Box 965007
Orlando, FL 32896-5007

Syncb/jewelry Custom
C/o Po Box 965036
Orlando, FL 32896-0001

Syncb/jwlcus
C/o Po Box 965036
Orlando, FL 32896-0001

Syncb/rooms To Go
C/o Po Box 965036
Orlando, FL 32896-0001

Syncb/sams
Po Box 965005
Orlando, FL 32896-5005

Syncb/sams Club
Po Box 965005
Orlando, FL 32896-5005

Syncb/sams Club Dc
Po Box 965005
Orlando, FL 32896-5005

Synchrony Bank
PRA Receivables Management, LLC
c/o Valerie Smith
PO Box 41021
Norfolk, VA 23541-1021

Td Bank Usa/targetcred
Po Box 673
Minneapolis, MN 55440-0673

Thd/cbna
Po Box 6497
Sioux Falls, SD 57117-6497

Us Dept Of Ed/glelsi
Po Box 7860
Madison, WI 53707-7860